MFA: USAO#2023R00695
PEB 11.13.23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- BALTIMORE
'23 NOV 14 PM 3:25

UNITED STATES OF AMERICA

v.

JASON CRAIG KANE,

Defendant.

CRIMINAL NO. JRR 23cr 407

Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B); Distribution of Obscene Visual Representation of the Sexual Abuse of a Child, 18 U.S.C. § 1466A(a)(1); Possession of Obscene Visual Representations of the Sexual Abuse of Children, 18 U.S.C. § 1466A(b)(1); and Forfeiture, 18 U.S.C. § 2253, 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c))

# INDICTMENT

## Count One
(Possession of Child Pornography)

The Grand Jury for the District of Maryland charges that:

On or about September 8, 2023, in the District of Maryland and elsewhere, the Defendant,

**JASON CRAIG KANE,**

knowingly possessed any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which image had been shipped and transported using any means or facility of interstate and foreign commerce and in and effecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, a Motorola GSM XT2163-4 Moto G Pure cellular phone, IMEI 357852526113140, manufactured in China, which contained one or more visual depictions of prepubescent minors and minors who had not attained 12 years of age engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256

## Count Two
### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about September 8, 2023, in the District of Maryland and elsewhere, the Defendant,

**JASON CRAIG KANE,**

knowingly possessed any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which image had been shipped and transported using any means or facility of interstate and foreign commerce and in and effecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, an Alcatel Tablet Model 9032Z, IMEI 016055000873113, manufactured in China, which contained one or more visual depictions of prepubescent minors and minors who had not attained 12 years of age engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256

<u>Count Three</u>
**(Distribution of Obscene Visual Representation of the Sexual Abuse of a Child)**

The Grand Jury for the District of Maryland further charges that:

On or about August 11, 2023, in the District of Maryland and elsewhere, the Defendant

**JASON CRAIG KANE,**

knowingly distributed a visual depiction of any kind, including a drawing, cartoon, sculpture, and painting that depicts a minor engaging in sexually explicit conduct and are obscene, to wit: obscene computer generated images, that were shipped and transported in interstate and foreign commerce by any means, including by computer, and were produced using materials that have been mailed, or that had been shipped or transported in interstate or foreign commerce by any means, including by computer, that is, a computer generated visual depiction of a prepubescent female lying on her back with her genitals exposed, and a hand manipulating her genitals, titled ".trashed-1694914113-Screenshot_20230811-012428.png."

18 U.S.C. § 1466A(a)(1)

**Count Four**
**(Possession of Obscene Visual Representations of the Sexual Abuse of Children)**

The Grand Jury for the District of Maryland further charges that:

On or about September 8, 2023, in the District of Maryland and elsewhere, the Defendant

**JASON CRAIG KANE,**

knowingly possessed a visual depiction of any kind, including a drawing, cartoon, sculpture, and painting that depicts a minor engaging in sexually explicit conduct and are obscene, to wit: obscene computer generated images, that were shipped and transported in interstate and foreign commerce by any means, including by computer, and were produced using materials that have been mailed, or that had been shipped or transported in interstate or foreign commerce by any means, including by computer, that is, a Motorola GSM XT2163-4 Moto G Pure cellular phone, IMEI 357852526113140, manufactured in China, which contained one or more computer generated visual depictions of prepubescent minors and minors who had not attained 12 years of age engaged in sexually explicit conduct.

18 U.S.C. § 1466A(b)(1)

## SPECIAL ALLEGATION

The Grand Jury for the District of Maryland further alleges that:

Prior to on or about August 8, 2023, the defendant,

### JASON CRAIG KANE,

had a prior conviction under the law of any State relating to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward, and the production, possession, receipt, mailing, sale, distribution, shipment, and transportation of child pornography, that is:

- On or about March 27, 2018, in the District Court of Maryland for Washington County, in Case No. D-112-CR-17-000018, **KANE** was convicted of Possession of Child Pornography, in violation of Maryland Criminal Law Code Annotated § 11-208.

- On or about March 17, 1995, in the State of Alaska v. Jason C. Kane, Case No. 3AN-94-02320CR, **KANE** was convicted of Sexual Abuse of a Minor in the First Degree, in violation of Alaska Statutes Title 11. Criminal Law § 11.41.434(A)(1).

18 U.S.C. §§ 2252A(b)(1) and 2252A(b)(2)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 1467, 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's convictions on any of the offense charged in Counts One through Four of this Indictment.

### Child Pornography Forfeiture

2. Upon conviction of any of the offenses set forth in Counts One and Two of this Indictment, the defendant,

**JASON CRAIG KANE,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a. any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received or possessed in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

### Obscene Visual Representations of the Sexual Abuse of Children Forfeiture

3. Upon conviction of any of the offenses set forth in Counts Three and Four of this Indictment, the defendant,

**JASON CRAIG KANE,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 1467:

    a. any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received or possessed in violation of Title 18, United States Code, Chapter 71;

    b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to, the following:

    a. a Motorola GSM XT2163-4 Moto G Pure cellular phone, IMEI 357852526113140, manufactured in China; and

    b. an Alcatel Tablet Model 9032Z, IMEI 016055000873113, manufactured in China.

### Substitute Assets

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

7

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*[signature]*
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
FOREPERSON

11/14/23
Date

8