PEB 02.17.24



U.S. Department of Justice

United States Attorney
District of Maryland
Southern Division


JAN 15 2025

| | | | |
|---|---|---|---|
| Michael Aubin<br>Assistant United States Attorney<br>Michael.Aubin@usdoj.gov | Mailing Address:<br>36 S. Charles Street, 4th Floor<br>Baltimore, MD 21201 | Office Location:<br>36 S. Charles Street, 4th Floor<br>Baltimore, MD 21201 | DIRECT: 410-209-4940<br>MAIN: 410-209-4800<br>FAX: 410-962-0716 |

January 14, 2025

Anjali Biala, Esq.
Office of the Federal Public Defender
Assistant Federal Public Defender
100 S. Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201

Re:   *United States v. Jason Craig Kane*
       Criminal No. JRR-23-407

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Jason Craig Kane (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by February 23, 2024, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense(s) of Conviction

1. The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(b) and (b)(2). The Defendant admits that the Defendant is, in fact, guilty of the offense(s) and will so advise the Court.

### Elements of the Offense(s)

2. The elements of the offense(s) to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

That on or about the time alleged in the Indictment, in the District of Maryland, the Defendant:

   a. Knowingly possessed any matter that contained an image of child pornography, as defined in Title 18 United States Code § 2256(8);

Rev. August 2018

   b. That such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer;

   c. The defendant knew that such items constituted child pornography; and

   d. The image involved a prepubescent minor or a minor who had not attained 12 years of age

## Penalties

3. The maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 2252A(a)(5)(b) and (b)(2) | 10 years | 20 years | Life | $250,000 | $100 |

   a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

   b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

   c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, 3664, 2248 (mandatory restitution for the sexual abuse of children), and 2259(b)(2)(b) (mandatory restitution of no less than $3,000.00 for victims of child exploitation).

   d. Special Assessments: The Court must order the Defendant to pay a special assessment pursuant to 18 U.S.C. § 3013 and may order additional special assessments for certain convictions pursuant to 18 U.S.C. §§ 3014 and 2259A.

   e. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

   f. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

      g.    Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

<u>Sex Offender Registration</u>

      4.    The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crimes to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

<u>Waiver of Rights</u>

      5.    The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

      a.    If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.    If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses

in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

    d.  The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

    e.  If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

    g.  If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

    h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

  6.  The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a

sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

7. This Office and the Defendant agree to the following Sentencing Guidelines:

   a. A stipulation of facts is attached as Attachment A to this plea agreement that specifically establishes the commission of additional offenses than those to which the defendant has agreed to plead guilty. Pursuant to U.S.S.G. § 1B1.2(c), those additional offenses shall be treated as if the defendant had been convicted of additional counts charging those offenses.

   b. The applicable base offense level for Possession of Child Pornography is **eighteen (18)** pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2G2.2(a).

   c. Pursuant to U.S.S.G. § 2G2.2(b)(2) there is a **two (2)** level increase because the offense involved prepubescent minors or minors who had not attained the age of twelve years. **Subtotal: twenty (20)**.

   d. Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), there is a two (2) level increase because the Defendant knowingly engaged in distribution. **Subtotal: twenty-two (22)**.

   e. Pursuant to U.S.S.G. § 2G2.2(b)(4)(A) there is a **four (4)** level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. **Subtotal: twenty-six (26)**.

   f. Pursuant to U.S.S.G. § 2G2.2(b)(6) there is a **two (2)** level increase because the offense involved the use of a computer. **Subtotal: twenty-eight (28)**.

   g. Pursuant to U.S.S.G. § 2G2.2(b)(7)(D) there is a **three (3)** level increase because the offense involved at least 150 images. **Subtotal: thirty-one (31)**.

   h. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way. **Subtotal: twenty-eight (28)**.

8. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

9. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### Agreed Conditions of Supervised Release

10. The parties stipulate and agree to the following conditions of supervised release, and the government reserves its right to seek additional conditions of supervised release, including with respect to polygraph testing, at sentencing:

   a. You must not have direct contact with any child you know or reasonably should know to be under the age of 18 without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

   b. You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

   c. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

### Rule 11(c)(1)(C) Plea

11. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of ten (10) years' imprisonment (120 months) in the custody of the Bureau of Prisons, and no less than twenty (20) years of supervised release is the appropriated disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). This Agreement does not affect the Court's discretion to impose any lawful term of supervised release

Rev. August 2018

or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

## Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

      a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

      b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

      c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

13. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

14. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities, including:

      a.    The following items originally seized by law enforcement authorities from the Defendant on September 8, 2023:

          i. a Motorola GSM XT2163-4 Moto G Pure cellular phone, IMEI 357852526113140; and

          ii. an Alcatel Tablet Model 9032Z, IMEI 016055000873113.

15.    The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

16.    The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

17.    The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

Restitution

18.    Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

19. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. The Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from the Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

### Additional Special Assessments in Sex Crimes Cases

20. Pursuant to 18 U.S.C. § 3014 (the Justice for Victims of Trafficking Act "JVTA"), since the offense of conviction is under Chapter 110 (relating to sexual exploitation and other abuse of children), the Defendant must pay an additional special assessment of $5,000, unless the Defendant is indigent.

21. Assessments in Child Pornography Cases: Pursuant to 18 U.S.C. § 2259A (the Amy, Vicky, and Andy Child Pornography Victim Assistance Act "AVAA"), in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess: (1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5); (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense.

### Defendant's Conduct Prior to Sentencing and Breach

22. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

23. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made

during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

24. The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power, under Rule 11(c)(5) to reject the plea agreement entered into under rule 11(c)(1)(C). Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

25. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

_____
Michael F. Aubin
Assistant United States Attorney

Rev. August 2018

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

15 JAN 2025
Date

_____
Jason Craig Kane

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

1/15/2025
Date

_____
Anjali Biala, Esq.

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that the following facts are true and accurate, and that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Jason Craig Kane ("Kane") is a 50-year-old resident of Hagerstown, Maryland.

On March 17, 1995, Kane was convicted of Sexual Abuse of a Minor in the Alaska Superior Court seated in Anchorage, Alaska. On March 27, 2018, Kane was convicted of Possession of Child Pornography in the District Court for Washington County, Maryland, and was on probation at the time of this offense.

On August 8, 2023, Kane, communicated in a chatroom titled "ped drivers" on the web-based mobile application Wickr. Ped drivers was comprised of individuals actively participating in the discussion of child sexual abuse, and sharing child pornography and child erotica. An undercover HSI agent (UCA) participating within a public chatroom observed Kane, who used the moniker "ARMYSPC," actively engaged in the group as other members shared image and video files that depicted the sexual abuse of children.

Kane posted multiple computer-generated images that depicted the sexual abuse of minor children and child exploitation, including a computer-generated image made to resemble a pre-pubescent female being vaginally raped by an adult male.

On August 9, 2023, the UCA engaged in a private conversation with Kane on Wickr. During the conversation, Kane indicated a sexual preference for children ages two through twelve, shared that he had prior hands-on experience with his then three-year-old goddaughter, including that he "played with her bald pussy," and further indicated that he would be moving to Missouri in October 2023 where the goddaughter was then living, and that he was "going to get more." He also indicated that he lived in Maryland and was 50 years old.

Investigators were able to identify Kane through photos and posts primarily posted on Facebook. They learned that Kane was actively on probation for the possession of child pornography offense in Washington County, Maryland.

On September 8, 2023, law enforcement served a federal search warrant on Kane's home and his person. During an interview with investigators, Kane admitted that "bad stuff" would be found in his phone, and told investigators that and he had a tablet that also contained the Wickr application. Kane told investigators about his preference for pre-pubescent children, indicating that his sexual preference was for children ages ten to twelve.

During the execution of the search warrant, investigators seized Kane's cell phone, a Motorola GSM XT2163-4 Moto G Pure cellular phone, IMEI 357852526113140, and his Alcatel Tablet Model 9032Z, IMEI 016055000873113. The devices were both forensically examined by an HSI computer Forensic Examiner.

Twenty-seven images of children engaged in sexually explicit conduct were located on the phone, including 21 images depicting real children and 6 images depicting computer generated children engaged in sexually explicit conduct. The CFE located images within several chatrooms, including rooms titled "domino's (pizza slice emoji);" "ok;" "girls and peds;" "no lim fun;" and "young."

Multiple images located in "no lim fun" depicted a prepubescent male in the process of a diaper change, and the victim was strapped with a device expanding his anus. This device appeared to be a metal circle with six bolted hooks that were inserted into the child's anal cavity and attached to the circle device outside with wing nuts. These nuts appeared to be used to expand the child's anus, which as depicted in the images, was expanded in the device far beyond any natural state.

The tablet included 3 videos of children engaged in sexually explicit conduct, including a video titled "d0c92f20-34f3-42ce-a3c5-b9502aa56cb2.avi," approximately 11 minutes and 31 seconds in duration, that depicted an adult male inserting his penis into the mouth of a prepubescent female, and the adult male inserting his penis in the vagina of the prepubescent minor.

The Motorola GSM XT2163-4 Moto G Pure, and the Alcatel tablet phone were manufactured out of the state of Maryland. The child pornography found in Kane's possession was transported in or affecting interstate or foreign commerce, and was produced using materials that had been transported in or affecting interstate or foreign commerce. The child pornography that Kane possessed, received, and posted using his online accounts was transported in or affecting interstate or foreign commerce.

SO STIPULATED:

_____
Michael F. Aubin
Assistant United States Attorney

_____
Jason Craig Kane
Defendant

_____
Anjali Biala, Esq.
Counsel for Defendant